UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY COOPER | CIVIL ACTION |
| VERSUS | NO: 16-15414 |
| UNITED STATES OF AMERICA | SECTION: "J" (5) |

**ORDER AND REASONS**

Before the Court is a *Motion to Dismiss for Lack of Jurisdiction* **(Rec. Doc. 4)** filed by the United States of America ("Government"), an opposition thereto (Rec. Doc. 6) filed by Gregory Cooper ("Plaintiff"), and a reply (Rec. Doc. 13) filed by the Government. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the Government's motion should be **GRANTED.**

**BACKGROUND**

According to the petition, Plaintiff was and is a Machinery Technician Petty Officer Second Class in the United States Coast Guard ("Coast Guard"). (Rec. Doc. 1-1, at 1.) On November 14, 2014, charges were preferred[1] against Plaintiff. *Id.* The charges included sexual assault and other uniquely military offenses, including disobedience of a lawful order, cruelty to a subordinate, adultery, and false official statement. *Id.* Following a

[1] According to the petition, a preferral in military law "is similar to filing a bill of information." (Rec. Doc. 1-1, at 3.)

preliminary investigation, charges were referred to a General Court-Martial ("court-martial"). *Id.* at 3-4. The court-martial was held on September 1st and 2nd, 2015 in New Orleans, Louisiana. *Id.* at 4. Plaintiff was found guilty of violating a fraternization order, and was found not guilty of the other charges. *Id.* The instant suit emanates from circumstances surrounding that court-martial.

At the court-martial, two women testified against Plaintiff. The first was Defendant Amanda Raines. Raines is a former Fireman in the Coast Guard. *Id.* at 1. Plaintiff and Raines had engaged in an intimate relationship from April 12, 2013 until December 30, 2013. *Id.* at 2-3. Raines was administratively discharged from the Coast Guard on November 12, 2013. *Id.* at 3. Thus, Raines was not employed by the Coast Guard when she testified at the court-martial, and she testified pursuant to a subpoena by the Coast Guard. *See* (Rec. Doc. 13, at 9.) The other person who testified at the court-martial was Defendant Jacqueline Smith. Smith was, and still is, a Yeoman Petty Officer Second Class in the Coast Guard. (Rec. Doc. 1-1, at 1-2.) Plaintiff and Smith had a sexual encounter on June 29, 2011, which Plaintiff alleges was consensual. *Id.* at 1.

Plaintiff filed suit on August 23, 2016 in the Civil District Court for the Parish of Orleans against Raines and Smith, alleging that the two defendants falsely accused him of sexual assault.

*See* (Rec. Doc. 6, at 5.) Plaintiff brought state law claims for defamation, intentional infliction of emotional distress (IIED), malicious prosecution, and abuse of process against both Raines and Smith. (Rec. Doc. 1-1, at 5-7.)

On October 11, 2016, the matter was removed by United States Attorney Kenneth Polite, acting on behalf of the Attorney General, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d)(2) (*i.e.*, the "Westfall Act"). (Rec. Doc. 1, at 1.) This decision to remove the case is unreviewable, and the parties agree that the matter is to remain in federal district court. *See Garcia v. United States*, 88 F.3d 318, 327 (5th Cir. 1996). However, the United States Attorney also certified that Raines and Smith were acting within the course and scope of their employment, and therefore dismissed them as defendants and substituted the United States as sole defendant. This decision by the United States Attorney is reviewable, and Plaintiff objects to it. Plaintiff urges the Court to set aside the United States Attorney's certification and find that Raines and Smith were not acting in the course and scope of their employment when they testified at Plaintiff's court-martial.

On October 18, 2016, the Government filed the instant *Motion to Dismiss for Lack of Subject Matter Jurisdiction* **(Rec. Doc. 4).** The Court heard oral argument on the motion on December 7, 2016 and took the matter under advisement.

**PARTIES' ARGUMENTS**

Plaintiff contends that the United States Attorney erred in finding that Raines and Smith were working within the scope of their employment. In particular, Plaintiff argues that both Raines and Smith were not acting within the scope of their employment because they testified untruthfully, and such untruthful testimony does not constitute the performance of a duty required by their employer. Additionally, Plaintiff asserts that Smith's motivation for testifying falsely was to avoid her husband from learning that she had engaged in consensual sexual activity with Plaintiff. Although Plaintiff suggests that Raines may also have had an ulterior motivation for testifying, his main argument regarding Raines is that she was no longer in the Coast Guard when she testified at the court-martial and could therefore not be acting within the scope of her employment. For these reasons, Plaintiff argues that the United States Attorney's determination that Raines and Smith were acting within the course and scope of their employment was wrong and should be set aside.

The Government makes three arguments. First, the Government argues that Plaintiff has not met his burden of proving that Raines and Smith were not acting within the scope of their employment by testifying falsely. Second, the Government argues that even if the testimony of Raines and Smith was defamatory, the testimony occurred within the scope of their employment. Finally, the

Government argues that the even though Raines was no longer a member of the Coast Guard when she testified at the court-martial, the transaction underlying her testimony occurred while she was a federal employee. For that reason, and also because Raines was compelled to testify pursuant to a Coast Guard subpoena, the Government contends that Raines' testimony was within the course and scope of her employment.

**APPLICABLE LAW**

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a facial challenge to a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992); *see also* 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3522 (3d ed. 2008).

The Government brings its Rule 12(b)(1) motion pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly referred to as the "Westfall Act." 28 U.S.C.§

2679. The Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007); § 2679(b)(1). "When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Id.* at 229–30 (quoting § 2679(d)(1), (2)). Once the employee is certified by the Attorney General, he is dismissed from the case and is substituted by the United States. *Id.* at 230. "Upon substitution, the case falls under the Federal Tort Claims Act (FTCA)." *Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir. 2003).

The Court reviews an Attorney General's scope of employment certification de novo, giving no deference to the Attorney General's findings. *Palmer v. Flaggman*, 93 F.3d 196, 198-99 (5th Cir. 1996). However, the plaintiff has the burden of proving that the Attorney General's decision was wrong. *Lanausse v. Federal Correctional Institution at Three Rivers*, 34 F. App'x 150, 2002 WL 494365, at *1 (5th Cir. 2002) (unpublished opinion). To prevail, the plaintiff must demonstrate "that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment." *Osborn*, 549 U.S. at 231 (emphasis in original).

To determine whether a federal employee was working within the scope of her employment for purposes of FTCA, courts look to the laws of the state where the tortious conduct occurred. *Garcia*, 62 F.3d at 127. The parties do not dispute that the conduct in question occurred in Louisiana, so Louisiana law will dictate the course and scope of employment analysis in this case.

In Louisiana, an employer can be held vicariously liable for the tortious conduct of an employee only when "the tortious conduct of the [employee is] so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with the conduct instituted by purely personal considerations entirely extraneous to the employer's interest." *Baumeister v. Plunkett*, 95-C-2270, p. 3 (La. 1996); 673 So. 2d 994, 996. "Conduct motivated by purely personal considerations entirely extraneous to the employer's interest" is not considered within the scope of employment. *Aaron v. New Orleans Riverwalk Ass'n*, 580 So. 2d 1119, 121-22 (La. Ct. App. 4 Cir. 1991). Courts look to the following four factors, but not all are necessary for a finding that the employee was working within his course and scope: "(1) whether the tortious act was primarily employment rooted; (2) whether the act was reasonably incidental to the performance of the employee's duties; (3) whether the act occurred on the employer's premises; and (4) whether it occurred during the hours

of employment." *White v. United States*, 419 F. App'x 439, 442 (5th Cir. 2011) (citing *Baumaster*, 673 So. 2d at 996).

## DISCUSSION

### I. Allegations that Smith and Raines testified falsely

Plaintiff argues that Smith and Raines acted outside the course and scope of their employment by testifying falsely at Plaintiff's court-martial. Plaintiff argues that Raines fabricated an allegation of sexual assault against Plaintiff because Plaintiff terminated their relationship. In support, Plaintiff has attached a list of text messages between him and Raines which do not clearly suggest that Raines falsely accused Plaintiff of sexual assault.[2] (Rec. Doc. 6-1, at 7-8.) Additionally, Plaintiff argues that Smith lied about being raped by Plaintiff to avoid having to disclose a sexual encounter she had with Plaintiff to her husband. Plaintiff has attached the sworn statement of Coast Guard member Brandon Moore to support this allegation. (Rec. Doc. 6-1, at 3.) Moore's statement says that Smith told Moore that she had sexual intercourse with Plaintiff. *Id.* at 2. Moore's statement also states that Smith told Moore that she told her husband she was raped by a colleague in her former unit. *Id.* Moore's statement does not explicitly

[2] In the exchange of text messages, Raines sent a text message stating, "If you never would have raped me that night in the motel room none of this would have ever happened." (Rec. Doc. 6-1, at 7.) No other text messages sent by Raines in this exchange clearly indicate that her assertion that Plaintiff raped her was untruthful.

accuse Smith of lying about being raped, but does express concern about the possibility that Plaintiff could "be wrongfully accused of rape just to allow [Smith] to save her marriage." *Id.*

Plaintiff also contends that he was acquitted of the sexual assault charge in the court-martial because both the hearing officer and the military judge "accepted" the defense theory that Smith "falsified the allegations to prevent her husband from finding out about the consensual activity." (Rec. Doc. 6 at 9.) The United States disputes this statement, arguing that "in no point in the investigation or court-martial did the Coast Guard determine that either FN Raines or YN3 Smith testified falsely." (Rec. Doc. 13, at 5-6.) Thus, it is not clear from the evidence provided that those presiding over the court-martial definitively determined that Smith or Raines testified falsely.

"A plaintiff who challenges the Government's certification has the burden to prove that the employee's conduct was not within the scope of his employment." *Counts*, 328 F.3d at 214. The Fifth Circuit has stated that "speculative allegations do not meet this burden," *White*, F. App'x at 439, and Plaintiff's argument here relies upon speculative allegations. Moore's sworn statement and the text messages exchanged between Plaintiff and Raines do not lead to the necessary conclusion that Raines and Smith testified untruthfully at the court-martial. Furthermore, Plaintiff has failed to prove that the reason he was acquitted at the court-

martial was because Smith or Raines lied. By contrast, the Court is persuaded by the Government's assertion that neither the hearing officer nor the military judge found that Raines or Smith testified untruthfully.

Plaintiff argues that Raines and Smith were motivated to testify "by purely personal considerations entirely extraneous to the employer's interest," and that such actions fall outside the scope of employment. *See Aaron*, 580 So. 2d at 1121. For the reasons outlined above, this argument is unavailing. The evidence presented by Plaintiff does not demonstrate that Raines and Smith "in fact, and not simply as alleged" by Plaintiff acted outside the scope of their employment. *See Osborn*, 549 U.S. at 231.

II. Raines' testimony after she left the Coast Guard

Plaintiff's main argument regarding Raines is that she was no longer a member of the Coast Guard when she testified at the court-martial. Therefore, Plaintiff argues, she could not have been acting within the scope of her employment. For the reasons described below, this argument also fails.

According to Plaintiff's petition, Raines and Plaintiff engaged in an intimate sexual relationship from April 12, 2013 until December 30, 2013. Raines was an active member of the Coast Guard when the relationship began. However, Raines was administratively discharged from the Coast Guard on November 12, 2013. On January 3, 2014, which was after Raines had been

discharged from the Coast Guard and also after the relationship between she and Plaintiff had terminated, Raines made an accusation through text message that Plaintiff had raped her on April 12, 2013. Neither party asserts that Raines gave testimony at the court-martial that was materially distinguishable from the accusation she made through text message on April 12, 2013. Thus, the underlying event, the accused rape of Raines by Plaintiff, occurred while Raines was a member of the Coast Guard.

The Louisiana Supreme Court has made clear that the course and scope determination "is largely based on policy." *Reed v. House of Décor, Inc.*, 468 So. 2d 1159, 1162 (La. 1985). "The risks which are generated by an employee's activities while serving his employer's interests are properly allocated to the employer as a cost of engaging in the enterprise." *Id.* The Government asserts, and Plaintiff does not dispute, that Coast Guard Eighth District Commander, acting as the Convening Authority, referred the charges against Plaintiff to a court-martial. (Rec. Doc. 4-1 at 3.) Therefore, it can reasonably be assumed that it was in the Coast Guard's interest to proceed with a court-martial. Furthermore, Raines testified at Plaintiff's court-martial pursuant to a Coast Guard subpoena, providing further evidence that her testimony served the Coast Guard's interest. *Id.* at 4. The public policy position of the Louisiana Supreme Court supports relating Raines' allegedly tortious post-employment behavior back to the period of

employment. Accordingly, Raines' post-employment testimony was within the course and scope of her employment with the Coast Guard.

The Court's confidence in this conclusion is reinforced by a recent decision in this District. *See West v. Rieth*, 152 F. Supp. 3d 538 (E.D. La. 2015). In *West*, the court addressed a motion to substitute the Government as defendant and dismiss the defendants named by the plaintiff. *Id.* at 541. There, the plaintiff was a United States Marine Corps ("Marine Corps") service member who brought suit against four defendants for allegedly conspiring to lodge false complaints and accusations of sexual harassment and sexual assault against him. *Id.* Three of the four defendants were active Marine Corps service members at the time of the court-martial. *Id.* However, one of the defendants was an active service member when she first made allegations against the plaintiff, but her employment with the Marine Corps ended before she testified at the court-martial against the defendant. *Id.* at 546-47. The court held that this defendant's "post-employment conduct was also within the course and scope of her former employment as part of the entirely allegedly tortious 'transaction.'" *Id.* at 548. The court was persuaded by the fact that the defendant first made her allegations while employed by the Marine Corps and that she was compelled to testify at the court-martial by a subpoena. *Id.* Thus, the court noted that its holding was "consistent with

Louisiana's policy of allocating risk for purposes of determining course and scope of employment." *Id.*

Only slight factual distinctions exist in the present case. Whereas the defendant in *West* made an accusation against the plaintiff while employed by the Marine Corps, Raines made her first accusation against Plaintiff nearly two months after she was discharged from the Coast Guard. Accordingly, it is not the case that Raines made her first allegedly tortious action while employed by the Coast Guard. However, employer liability in Louisiana can extend to tortious acts that occur after the term of employment, particularly when they "arise out of a single transaction" that began during the alleged tortfeasor's employment. *See Cowart v. Lakewood Quarters Ltd. P'Ship*, 2006-CA-1530, p. 4-5 (La. App. 1 Cir. 5/4/07); 961 So. 2d 1212, 1215 (holding that employee who attacked supervisor immediately after being fired by that supervisor was working within the course and scope of her employment). Here, the allegation that Raines acted tortiously through her accusation and testimony at the court-martial is connected to an underlying event, namely the April 12, 2013 encounter between Plaintiff and Raines, which occurred while Raines was in the Coast Guard. More importantly, this case is similar to *West* in that Raines testified at the court-martial pursuant to a Coast Guard subpoena. Raines did not prefer the charges against Plaintiff; rather, she participated in the court-

martial because her former employer preferred the charges. Therefore, the public policy behind Louisiana's course and scope of employment scheme supports holding that the risks generated by Raines' testimony at the court-martial are properly allocated to the Coast Guard. *See Reed*, 468 So. 2d at 1162.

III. Federal Tort Claims Act

Because the Court concurs with the United States Attorney's certification and decision to substitute the United States as the sole defendant, this matter now falls under the FTCA. *See Counts*, 328 F.3d at 214; *see also* 28 U.S.C. § 2679(d)(2) (stating that after the United States is substituted as defendant, the matter "shall be deemed an action or proceeding brought against the United States under the provisions of [the FTCA]"). This means that Plaintiff's claims are now "subject to the limitation and exceptions applicable to" the FTCA. § 2679(d)(4). The FTCA provides a "limited waiver of sovereign immunity" that in some cases makes the Government liable for actions committed by federal employees acting within the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 813 (1976). However, this limited waiver of sovereign immunity does not extend to Plaintiff's claims. *See* § 2675(a). In particular, the FTCA's waiver of sovereign immunity does not extend to intentional torts, including "any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, [or] deceit." § 2680(h). Thus,

Plaintiff's claims for defamation, malicious prosecution, and abuse of process may not be brought under the FTCA. *See Siegert v. Gilley*, 500 U.S. 226, 233-34 (1991). Plaintiff's intentional infliction of emotional distress (IIED) claim arises out of the same conduct underlying the other claims and, therefore, must also be dismissed.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the Government's *Motion to Dismiss for Lack of Jurisdiction* **(Rec. Doc. 4)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 17th day of February, 2017.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE